# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADAM HAWTHORNE, | ) )  |
| Plaintiff, | ) ) 3:16-cv-00235-RCJ-VPC |
| vs. | ) ) |
| MACKENZIE BENNINGTON et al., | ) **ORDER** ) |
| Defendants. | ) ) |

This is a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. The Court now screens the Complaint, as amended, under 28 U.S.C. § 1915A.

**I.  FACTS AND PROCEDURAL HISTORY**

Plaintiff Adam Hawthorne is a prisoner in the custody of the Nevada Department of Corrections. He alleged constitutional violations against various Defendants arising out of events at Northern Nevada Correctional Center. The Court dismissed due process and First Amendment retaliation claims, without leave to amend, and dismissed an Eighth Amendment deliberate indifference claim, with leave to amend. The Court ruled that the Eighth Amendment claim was essentially a medical malpractice claim. Plaintiff had concluded, but had made no factual allegation, that Nurse MacKenzie Bennington subjectively believed he was not malingering yet chose not to treat him when he complained of back pain on January 2, 2016.

Plaintiff filed the Second Amended Complaint ("SAC"), noting again that Nurse Bennington responded to his medical emergency on January 2, 2016 and asked him what the problem was. Bennington refused to examine his back, refused to call for additional help or medical advice, noted she was the only medical staff on duty, and said that there was nothing she could do for him. She noted that she did not have the authority to prescribe pain medication. She did not examine him but stated there was nothing wrong with him and left. She gave him no pain pills or referral for a doctor. Only after six days did a doctor examine him and provide a wheelchair, cane, and pain pills. (The Court has not repeated allegations relevant only to claims that have been dismissed without leave to amend.) Via the SAC, Plaintiff added Warden Isidro Baca and Medical Director John Keast as Defendants based on their alleged failure to ensure adequate staffing of medical personnel, which resulted in Bennington being the only medical professional on staff during Plaintiff's emergency.

Plaintiff has also asked for leave to file a Third Amended Complaint ("TAC"). The TAC names Bennington, Baca, Nurse Candice Brockaway, Senior Correctional Officer Stanley Shinault, and Director of Nursing John Perry as Defendants but omits Keast. The allegations concern the January 2, 1016 incident with Bennington. Although Plaintiff has used multiple copies of the same pages of the form complaint, such that it appears there may be multiple counts, the Court perceives a single count.

**II.     LEGAL STANDARDS**

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or its officers or employees. 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from an immune defendant. *See* 28 U.S.C. § 1915A(b). This includes claims based on fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

Also, when a prisoner seeks to proceed without prepayment of fees, a court must dismiss if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

When screening claims for failure to state a claim, a court uses the same standards as under Rule 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency, *see N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983), and dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A court treats factual allegations as true and construes them in the light most favorable to the plaintiff, *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), but does not accept as true "legal conclusions . . . cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A plaintiff must plead facts pertaining to his case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), he must also allege the facts of his case so that the court can determine whether he has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record" if not "subject to reasonable dispute." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) violation of a right secured by the Constitution or laws of the United States (2) by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. ANALYSIS

The Court grants leave to amend to file the TAC in part, i.e., as to the allegations relevant to the deliberate indifference claim. The Court does not give leave to amend as to dismissed claims where leave to amend has already been denied.

The Court first dismisses Baca, Perry, and Shinault as Defendants. Plaintiff alleges Baca and Perry instituted a policy that inmates filing emergency medical grievances should be disciplined with false charges for lying to staff and/or malingering, and that Shinault carried out the policy as the hearing officer, finding Plaintiff guilty. But Plaintiff again appears to admit that a result of the charges was either the loss of good time credits or simply the inability to earn discretionary work credits. As noted in the previous screening order, if the former, the claim is

not cognizable unless and until the discipline is vacated, and if the latter, the claim does not implicate due process. And as to the claim that the allegedly false charges were in retaliation for him threatening a grievance against Bennington, "a prisoner cannot maintain a retaliation claim when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction." *O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011) (citing *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008)). Anyway, Plaintiff had no leave to amend these dismissed claims.

Next, as to Bennington, the Court previously informed Plaintiff that medical negligence, no matter how allegedly gross, was insufficient to state a claim for deliberate indifference to serious medical needs, and that Plaintiff must allege facts sufficient to show deliberate indifference. Because Plaintiff had not alleged factual allegations that would show that Bennington believed that Plaintiff was not malingering and sought to punish him, the Court dismissed the claim, with leave to amend. Plaintiff has not added any additional factual allegations that would show deliberate indifference. The Court therefore dismisses with prejudice the Eighth Amendment claim for deliberate indifference to serious medical needs.

Finally, the Court notes there are no substantive allegations against Brockaway. She is simply listed as a Defendant. The Court therefore dismisses as against her, as well.

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Application for Leave to Proceed in Forma Pauperis (ECF No. 1) and the Motion for Clarification (ECF No. 9) are DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Leave to File Third Amended Complaint (ECF No. 10) is GRANTED IN PART and DENIED IN PART, and the Clerk shall file the Third Amended Complaint (ECF No. 10-1).

IT IS FURTHER ORDERED that the Third Amended Complaint is DISMISSED for failure to state a claim, and the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 16th day of April, 2018.

_____
ROBERT C. JONES
United States District Judge