1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                               **DISTRICT OF NEVADA**

8

9   ADAM HAWTHORNE,

10                  Plaintiff,                    Case No. 3:16-CV-00235-RCJ-CLB

11  vs.                                                        **ORDER**

12  MACKENZIE BENNINGTON,

13                  Defendant.

14

15          Plaintiff objects to two orders issued by the Magistrate Judge: one denying his motion to

16  compel discovery and the other denying his motion for leave to amend his complaint. The Court

17  finds several, but not all, of Defendant's discovery responses insufficient, and therefore affirms in

18  part and modifies in part that order. The Court further finds the Magistrate Judge's denial of

19  Plaintiff's motion to amend his complaint proper as amendment would be futile, and therefore

20  affirms that order.[1]

21  ///

22  _____

23  [1] The Court also denies Plaintiff's filing titled "Request for Submission," inasmuch as it is a
    motion. He has submitted several of these filings. (ECF Nos. 7, 50, and 57.) As near as the Court
24  can tell, their purpose is either to inform the Court that the deadline for response to a motion has
    passed or to remind the Court that a motion is outstanding. Regardless of the intended purpose,
    such filings are unnecessary, so the Court instructs Plaintiff to refrain from filing them in the future.

# FACTUAL BACKGROUND

The allegations of the underlying case are as follows: Plaintiff is incarcerated at Northern Nevada Correctional Center. In 2016, Plaintiff experienced a medical emergency which left him partially paralyzed and in significant pain. Upon alerting an officer, a call for medical assistance was made. Defendant Bennington, a nurse, responded to the call. However, Defendant refused to conduct a physical examination, schedule a medical appointment, or treat Plaintiff in any other manner. Instead, she told the officer that nothing was wrong with Plaintiff. When Plaintiff protested and requested a grievance form, Defendant became upset and told him that she would write him up for lying to prison staff. Even though Plaintiff was not afforded the opportunity to see a medical professional prior to his hearing on the write-up, a senior prison officer found him guilty. When a doctor finally examined Plaintiff, an issue was discovered in his spine which required medical treatment and rendered him either wheelchair bound or needing the assistance of a cane to walk. Despite this, the infraction has not been removed from his record.

Plaintiff subsequently filed 42 U.S.C. § 1983 claims against various defendants, alleging multiple constitutional violations. (ECF No. 1.) After two amendments to the complaint, the Court dismissed this case with prejudice for failure to state a claim. (ECF No. 11.) Upon appeal, the Ninth Circuit affirmed dismissal of all claims except for the two against Defendant Bennington claiming deliberate indifference to a serious medical need in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (ECF No. 21.) The parties are presently in the discovery stage. (*See* ECF No. 52 (noting that discovery is currently scheduled to close on June 22, 2020).)

///

///

///

**LEGAL STANDARD**

Where there is an objection to a magistrate judge's order on a nondispositive matter, "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).

**ANALYSIS**

### I.   *Objection/Appeal of Order ECF No. 52 (ECF No. 54)*

Plaintiff submitted a motion to compel discovery, arguing that several answers to his requests for admission (RFA), interrogatories, and requests for production (RFP) were deficient. (ECF No. 48.) The Magistrate Judge denied the motion after "review[ing] the answers to discovery and find[ing] them to be sufficient." (ECF No. 52.) Plaintiff objects to the Order, arguing that "the Magistrate's blanket denial . . . fail[ed] to consider several issues that are clearly supported by authorities." (ECF No. 54 at 2.)[2] The Court finds several of Defendant's responses deficient. Consequently, for the reasons explained below, the Court orders Defendant to provide an amended response to Plaintiff resolving the deficiencies in her responses to RFA Nos. 1, 9, 18–19, and 22–32, as well as Interrogatory Nos. 2 (if necessary) and 14–15 (Interrogatory No. 7 in Plaintiff's letter).[3] The Court first discusses deficiencies general to the responses and then addresses each response specifically objected to.

///

---

[2] In this objection, Plaintiff also raises a dispute over the number of interrogatories he has remaining. That issue is not properly before this Court because the Magistrate Judge has not yet ruled on it. *See* LR 26-6(a) ("Unless the court orders otherwise, all discovery disputes are referred to the magistrate judge assigned to the case.").

[3] As mentioned in the previous footnote, Defendant argues Plaintiff has impermissibly used compound interrogatories and therefore numbered her responses to reflect what she believed is the correct number of interrogatories. As this Court declines to address Plaintiff's objection to that numbering scheme, it labels the interrogatories both by the numbers assigned by Plaintiff in his letter to Defendant, (ECF No. 48 Ex. 1), and by Defendant in her response to the interrogatories, (ECF No. 49 Ex. D), where necessary.

a.   *Boilerplate Objections*

Plaintiff contends that Defendant's "boilerplate objections" are improper. Defendant responds that, despite her objections, she "never failed to admit or deny an RFA." (ECF No. 49 at 3.) The Court agrees with the general concept that "boilerplate objections are disfavored." *EnvTech, Inc. v. Suchard*, No. 3:11-CV-00523-HDM-WGC, 2013 WL 4899085, at *4 (D. Nev. Sept. 11, 2013); *see also Liguria Foods, Inc. v. Griffith Labs. Inc.*, 320 F.R.D. 168, 170 (N.D. Iowa 2017) (labeling boilerplate objections as a "menacing scourge on the legal profession."). The Court further finds that several of the boilerplate objections used in Defendant's responses are inappropriate. *Cf.* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("[Changes to the rule are not] intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."). Consequently, the Court disregards all boilerplate objections but, where necessary, considers relevant and specific objections.

For example, Defendant uses the phrase "Defendant objects to this request, as phrased, is argumentative [sic] . . . [and] [i]t requires the adoption of an assumption, which is improper[]" in response to twenty-eight of the thirty-two RFAs, as well as to several interrogatories. At no point does Defendant define "argumentative," identify the assumption required, or identify which portions of the request are either argumentative or require an assumption. Absent such clarification, there are several instances where the objection is plainly inappropriate. (*See, e.g.*, ECF No. 49 Ex. B at 3 (The phrase, "Ex. A references in part: At approximately 0612, a man down was called for an inmate with 'back pain.' Admit or Deny" is neither argumentative nor requires an assumption, it merely asks Defendant to confirm whether the exhibit contained that language).) Consequently, Defendant, in drafting her amended response, should ensure that the objection is applicable and, where it is, properly "state the reasons for [her] objection," 8B Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure § 2262 (3d ed. 2020), with specificity.

Additionally, where Defendant's objection is based on relevance, she should ensure that she has properly distinguished between Fed. R. Evid. 401 relevance and the more liberal scope of FRCP 26(b)(1). This is, Defendant should keep in mind that, although "[a] matter admitted under [Rule 36] is conclusively established [absent withdrawal]," Fed. R. Civ. P. 36(b), any attempt to offer it into evidence is "subject to all pertinent objections to admissibility that may be interposed at trial," 8B Wright & Miller, *supra*, § 2264, and raise her objections accordingly.

### b. *Responses to RFAs*

Aside from the issue with boilerplate objections in general, Defendant's responses to RFAs require additional discussion. "Strictly speaking, Rule 36 is not a discovery procedure at all." *Id.* § 2253. An RFA's purpose is not to acquire information, but to "expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry." *Id.* § 2252; *see also* 7 James Wm. Moore, Fed. Practice § 36.02(1) (3d ed. 2020) ("[R]equests for admission are used to establish admission of facts about which there is no real dispute."). Rule 36 provides three distinct avenues for a response: "If a matter is not admitted, the answer *must* specifically deny it *or* state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4) (emphasis added); *see* 8B Wright & Miller, *supra*, § 2259.[4] Therefore, if a party does not dispute the truth of the fact presented in or object to the RFA, it should simply admit.

Furthermore, while a response to an RFA may separate the admission into parts which are answered and parts which are objected to, it may not object to the RFA as a whole and then proceed to answer. *See* Fed. R. Civ. P. 36(a)(4) ("[W]hen good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the

---

[4] The treatise sets out seven potential actions for a party receiving an RFA, but the other four are not relevant to this discussion.

rest."); *see also* Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment (deleting the language describing the grounds for objection as it "adds nothing to the provisions that the party serve an answer *or* objection addressed to each matter and that he state his reasons for any objection" (emphasis added)). Even if the text allowed both wholescale objections and answers, the phrase "[n]otwithstanding these objections and without waiving them," employed by Defendant in nearly every RFA response, suffices to sound lawyerly but lacks any real substance, for "[a] matter admitted under this rule *is conclusively established* unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added); *cf.* 8B Wright & Miller, *supra*, § 2173 ("Failure to make a timely objection is not the only way in which an objection can be waived. A voluntary answer to an interrogatory is also a waiver of the objection.").

Finally, Rule 36 requests are not limited to queries which "lead to the discovery or production of admissible evidence," but may be used to determine "the truth of any matters within the scope of Rule 26(b)(1)." *See* Fed. R. Civ. P. 26 advisory committee's note to the 2015 amendment ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery."); *see also* 8B Wright & Miller, *supra*, § 2254 ("[After the 1970 amendment,] [r]elevance is given a very broad meaning in the context of Rule 26(b)."). This, of course, does not grant a party carte blanche to submit RFAs unlimited in scope, because the answering party's duty is limited to conducting a reasonable inquiry.

c. *Requirement to Conduct a Reasonable Inquiry*

In several instances, Defendant denies an RFA because she lacks knowledge, but fails to provide details of any reasonable inquiry she undertook. (*See, e.g.*, ECF No. 49 Ex. B (Defendant

uses the sentence structure "Defendant cannot admit or deny [due to lack of knowledge], therefore, deny [sic] on that basis" in at least six separate responses).) In doing so, she argues that she is not required to detail her reasonable inquiry because she explicitly denies the matter submitted. While Defendant is correct that a reasonable inquiry is not required for denials, the rule does not allow for denials based on lack of knowledge.

The complete text of Fed. R. Civ. P. 36(a)(4) states that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Where a party fails to comply with Rule 36(a), sanctions may be appropriate. Fed. R. Civ. P. 37(c)(2).

A plain reading of the text shows that parties may not deny based on lack of knowledge. The Rule dictates that denials "must fairly respond to the substance of the matter." Indicating that denials based on lack of knowledge do not meet this standard, the Rule provides that a "party may assert lack of knowledge or information as a reason for failing to admit or deny" without stating that a party may rely on such a basis to deny a request. Indeed, Defendant's interpretation of this Rule—that an answering party may deny a request based on a lack of knowledge—would render the provision requiring a reasonable inquiry superfluous. Following her interpretation, a party confronted with a lack of knowledge could merely deny the request and thereby avoid its duty to provide a reasonable inquiry. Wherever possible, a court must give effect to the entirety of the statutory language. *Inhabitants of Montclair Twp. v. Ramsdell*, 107 U.S. 147, 152 (1883) ("It is the duty of the court to give effect, if possible, to every clause and word of a statute, avoiding, if

it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed."). Allowing parties to evade the reasonable inquiry requirement merely by including an explicit denial based on lack of knowledge would contradict this mandate.

Furthermore, in amending the Rule to add the reasonable inquiry requirement, the Advisory Committee explicitly resolved a jurisdictional split by adopting the majority rule "that[,] if the responding party lacks knowledge, he must inform himself in reasonable fashion," over the minority rule "that a party may answer on the basis of such knowledge as he has at the time he answers." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. Consequently, "Rule 36 requires . . . that the party state he has taken these steps." *Id.* Granting parties the ability to sidestep this requirement by including an explicit denial based on lack of knowledge would defeat the purpose of the Rule. *See* 7 Moore, *supra*, § 36.11 ("It is an unacceptable excuse for failure or inability to answer that the responding party lacks personal knowledge, if the information is obtainable on reasonable inquiry."); *cf. Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246–47 (9th Cir. 1981) ("[R]estricting the district court's discretion [as to Rule 37 sanctions] would reduce a litigant's obligation to make 'reasonable inquiry' into a mere semantic exercise, and thus severely undermine the policy embodied in Rule 36(a)."). Accordingly, wherever a response is based on lack of knowledge, Defendant must describe the reasonable inquiry undertaken.

The Court notes that this requirement is not excessively burdensome. Rule 36 does not place on a party the "burden of 'proving' the other side's case," but merely "requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. Although the Rule does not define "reasonable inquiry" or "readily available," courts have held that "[a] party's duty of reasonable inquiry in responding to requests for admissions is similar to its duty in answering interrogatories." *FDIC v. Halpern*, 271 F.R.D. 191, 193 (D. Nev. 2010); *see*

*also* 8B Wright & Miller, *supra*, § 2177 ("Though there are limits on the extent to which a party can be required to hunt out information in order to answer interrogatories, it will be required to provide facts available to it without undue labor and expense."). As amendments to the discovery rules have established a uniform discovery scope under Rule 26(b), this Court agrees.

Nonetheless, courts have also held that "[w]hat constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43–44 (S.D.N.Y. 1997). Relevant to this is Plaintiff's contention that "the Attorney General's office . . . has the right to inspect and obtain any NDOC records" and therefore all such records are "readily available" for use in responding to the RFAs. (ECF No. 48 Ex. 1 at 5.) Plaintiff is correct that a reasonable inquiry must include inquiry into counsel's knowledge. *See Stark-Romero v. Nat'l R.R. Passenger Co. (AMTRAK)*, 275 F.R.D. 551, 558 (D.N.M. 2011) ("A reasonable inquiry means that a party has to ask their counsel, and if their counsel knows the answer, they need to use that information to admit or deny."). However, Defendant does not respond to the contention that her counsel has full access to NDOC records; therefore, the Court cannot judge its worth. Accordingly, where appropriate, Defendant must either answer an RFA or provide a description of her reasonably inquiry, including why her counsel was unable to retrieve the referenced document without "go[ing] to great lengths to obtain the information needed to respond to [the] request." 7 Moore, *supra*, § 36.11.

### d.  RFA Nos. 1 and 31

Turning to specific discovery requests, Defendant objected to Plaintiff's RFA Nos. 1 and 31, arguing they improperly asked her to authenticate a document when she "has no duty or obligation to admit the authenticity of a document." (ECF No. 49 Ex. B at 3.) As a general matter, this is incorrect—Rule 36(a) requires a party requested to authenticate a document do so where it can. In RFA 1, Defendant states that she "cannot admit or deny as to the authenticity of Exhibit

A." (ECF No. 49 Ex. B at 3.) In RFA 31, Defendant made the same argument, but added the phrase "and therefore, deny [sic] on that basis." (*Id.* at 16.)

As noted above, where an answer is based on lack of knowledge, Defendant must describe the reasonable inquiry undertaken. The answer stated in Defendant's response to the motion to compel, that she has no actual knowledge of the document and is not a custodian, (ECF No. 49 at 2), may be sufficient, but any explanation must be in the response to the RFA itself, not a separate filing. *See* Fed. R. Civ. P. 36(a)(6) (limiting a court's discretion in remedying non-compliant answers to "order[ing] either that the matter is admitted or that an amended answer be served"). Consequently, Defendant must provide an amended answer either answering on the merits or detailing the reasonable inquiries undertaken. *Asea*, 669 F.2d at 1247. However, as this Court previously noted, this requirement is not excessively burdensome. *See* 7 Moore, *supra*, § 36.11(5)(d) ("With respect to requests for admission concerning the genuineness of documents, a factual assertion by the responding party that it does not have, [n]or have access to, the documents would appear to be sufficient.").

  *e.  RFA Nos. 22–24*

Plaintiff argues that Defendant's responses to RFA Nos. 22–24 are inadequate for failure to include a description of the reasonable inquiry. Defendant argues she is not required to conduct a reasonable inquiry due to her explicit denial of each RFA. The Court has already rejected this argument, as discussed above.

In each instance, Defendant stated that she "cannot admit or deny," yet in the next sentence denied based on lack of knowledge because she had no independent recollection of the fact submitted by Plaintiff. (ECF No. 49 Ex. B at 10–11.) This directly contradicts Defendant's claim that "[t]here is no ambiguity as to whether [Defendant] admitted or denied any of these RFAs." (ECF No. 49 at 3.) Defendant cannot both claim inability to admit or deny, and then deny.

Defendant shall amend her responses to indicate whether she denies or cannot admit or deny and, if so, detail her reasonable inquiry. Further, Defendant's lack of independent recollection may be sufficient inquiry, so long as there is no other source of information (such as an incident report) "readily obtainable" by Defendant. Should that be the case, her response must so state.

    *f.   RFA Nos. 25–30, 32*

These seven RFAs concern Plaintiff's allegation that he had back surgery in 2019. Defendant objects to them as "irrelevant, disproportional to the needs of this case, and . . . not reasonably calculated to lead to the discovery or production of admissible evidence." (*See, e.g.*, ECF No. 49 Ex. B at 15.) Each of these objections is incorrect. First, where Plaintiff complained of paralyzing back pain in 2016, back surgery in 2019 has potential relevance, at least, to Plaintiff's damages. Second, while the scope of relevance under Rule 26(b)(1) was narrowed by the 2015 amendments, this change was not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." Fed. R. Civ. P. 26 advisory committee's note to the 2015 amendment. Third, it is not facially disproportional to the needs of the case because it potentially informs the merits and damages.

Defendant also argues that "[i]t would be inappropriate for the Defendant to comment or speculate about treatment the Plaintiff received that the Defendant was not involved in." Besides RFA No. 26, however, Plaintiff merely requests Defendant to admit that the medical records state certain facts. In RFA No. 26, Plaintiff requests Defendant to admit that an "MRI showed a herniation at or about L4-L5"—not to "comment or speculate about treatment." This objection is thus inappropriate. As all of Defendant's objections to these RFAs are improper, she will therefore serve amended answers to them.

///

///

*g. RFA No. 9*

Plaintiff requested Defendant admit that "[a]ccording to Webster's II New Riverside University Dictionary page 76- acute at difinition [sic] #5 cites: Extremely severe or sharp, as pain." Defendant responded that she could not admit or deny because Plaintiff had not provided a copy of the dictionary. However, Defendant points to no authority for the proposition that Plaintiff's failure to provide a copy of the quoted source both begins and ends the reasonable inquiry requirement. Additionally, even if the cited dictionary is not readily obtainable, "[w]hile [Defendant] may have been unable to agree with the exact wording of [Plaintiff's RFA], some alternate wording or stipulation was clearly feasible. It cannot be said that the [definition is] 'substantially contested.'" *Milgram Food Stores, Inc. v. United States*, 558 F. Supp. 629, 636 (W.D. Mo. 1983) (cited with approval by *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994)). In other words, parties are encouraged to give frank responses, not narrow and technical objections, especially where "[t]he discrepancies . . . are minor, and [would have] no effect on the outcome of the trial on the issue." *Milgram*, 558 F. Supp. at 635; *see Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 580 (9th Cir. 1992) ("Even if [defendant's] nitpicking of the question could serve as a basis for qualifying its response, it certainly doesn't justify a flat denial."). Consequently, Defendant must serve an amended response to this RFA on Plaintiff.

*h. RFA Nos. 18–19*

Plaintiff claims that Defendant's responses to RFA Nos. 18–19 are insufficient. The Court agrees. RFA No. 18 reads, "In your notice of charges (OIC #401770, Exhibit A) the narrative therein resulted in the Plaintiff being charged with giving false information i.e., a G20. Admit or Deny[.]" RFA No. 19 reads, "Your narrative in Exhibit A resulted in the Plaintiff being charged with delaying, hindering, [and/or] inter[fering] w[ith] staff. Admit or Deny[.]" To both RFAs,

Defendant "admits that it appears [Defendant] generated the narrative/report" but "denies the specific charge(s) of violation were generated by the Defendant as this is a custodial issue."

Plaintiff correctly argues that the question is not how the charges were generated, but whether the specified report allegedly written by Defendant led to his charges. As such, Defendant did not respond to the question, nor did she address this problem in her response brief. Absent specific arguments or showing by Defendant, the Court cannot say that she has met her burden of persuasion. *See* 7 Moore, *supra*, § 36.12 ("The party objecting to the request or the party opposing the challenge to the sufficiency of the response has the burden of persuasion to show the court that the objection to the request is warranted or that the answer to the request is sufficient.").

Lastly, Defendant's vague claim that "this is a custodial issue" appears to argue lack of knowledge. Inasmuch as Defendant is raising this as a basis for declining to respond, and it remains relevant, she must clearly state this basis in her response, undertake a reasonable inquiry into the matter, and detail such inquiry, as discussed above.

### i.   *RFA No. 20*

Plaintiff argues that RFA No. 20 is a mixed question of law and fact; therefore, Defendant's objection is improper and her answer insufficient. The RFA in question asked Defendant to admit:

> As a matter of fact as it relates to law, the Plaintiff with a documented back pain issue as an inmate confined within a state correctional facility (NNCC) on 1/2/16 perceiving he had an urgent medical need-had a constitutional right to seek medical attention from said Department's Medical facility and staff.

(ECF No. 49 Ex. B at 8). The Court agrees that this request is deficient.

Rule 36 "does not authorize requests for admissions of law unrelated to the facts of the case." FRCP 36 advisory committee's note to 1970 amendment; *see also Taylor v. Cty. of Calaveras*, No. 1:18-CV-00760-BAM, 2019 WL 6341131, at *4 (E.D. Cal. Nov. 27, 2019) ("[R]equests for admission of pure legal conclusions are generally not permitted." (citing *Playboy*

*Enters., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999))). However, it does allow for requests relating to "facts, the application of law to fact, or opinions about either." FRCP 36(a)(1)(A). "[T]he distinction between a request seeking application of law to facts and a request impermissibly seeking a pure conclusion of law is not always easy to apply." *Taylor*, 2019 WL 6341131 at *4 (quoting *Boston v. Clubcorp USA, Inc.*, No. CV 18-3746 PSG, 2019 WL 1873293, at *4 (C.D. Cal. Mar. 11, 2019)). For example, one district court has found that an RFA asking the law enforcement defendants to admit they did not "observe exigent circumstances" prior to entering without a warrant "calls for a legal conclusion, [but] it is one that is related to the facts of the case and involves a legal determination that is typically within the knowledge of a trained police officer," and therefore required the defendants to respond. *Davis v. Buckley*, No. 4:12-CV-78-TUC-JR, 2013 WL 12114581, at *2 (D. Ariz. June 11, 2013). That is not the case here. Although Plaintiff does recite the facts of the underlying incident, he then asks Defendant (a nurse) to determine whether a constitutional right existed. Constitutional interpretation is not something that is "typically within the knowledge of a trained" nurse, and the request is therefore improper.

> *j.*   *Interrogatory Nos. 1–2*

Plaintiff's interrogatories ask Defendant to "identify each item of evidence that you inten[d] to present, introduce and or use, e[tc.], in your defense of this matter" and "identify each and every person you intend to call and or use in defense of the matter as a witness." (ECF No. 49 Ex. D at 2.) Defendant objects to these requests as overbroad, but nonetheless answers that she "has no knowledge of what 'evidence' [Defendant] intends to use, therefore, no further response is forthcoming" and "has no knowledge of what [sic] 'who' [Defendant] intends to call as a witness, therefore, no further response is forthcoming." (*Id.*)

Courts have routinely found interrogatories that request a party to detail "all evidence" for all the issues of a case improper and beyond the scope allowed in a single interrogatory. *See, e.g.*,

*In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18 C 864, 2019 WL 6498081, at *5 (N.D. Ill. Dec. 3, 2019) (upholding an objection to an interrogatory, which requested the party detail "all evidence that you believe support your counterclaims"); *see also Luken v. Christensen Grp. Inc.*, No. C16-5214 RBL, 2017 WL 5483782, at *2 (W.D. Wash. Nov. 15, 2017) ("Numerous federal courts, including this one, have held that contention interrogatories which 'systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' and application of law to fact that supports the party's allegations are an abuse of the discovery process because they are overly broad and unduly burdensome." (quoting *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007))). Accordingly, Defendant is correct that Interrogatory No. 1 is overbroad and does not need to amend her response.

Defendant's objection of overbreadth, however, does not carry over to Plaintiff's request that she identify the individuals she intends to call as witnesses. In and of itself, a request for the identity of witnesses is not overbroad. It may be improperly premature, as the identity of witnesses is disclosed as part of the mandated pre-trial disclosures. *See* 7 Moore, *supra*, § 33.41 ("To the extent that a party attempts to anticipate mandatory disclosures by serving interrogatories seeking the same information prior to the time that the disclosures are due, whether pursuant to the Rule or court order, the interrogatories [are improper]."). Nonetheless, Defendant did not object on the ground of prematurity and has therefore waived the objection. Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."). Thus, Defendant must respond to the interrogatory.

As to Defendant's current response, the proposition that Defendant does not yet know any witness she intends to call if this case goes to trial is highly dubious, but—inasmuch as this truly is the case—the answer is sufficient. Yet, even if Defendant's answer is currently sufficient, the phrase "no further response is forthcoming" does not properly reflect her duties under the Rules.

Defendant must update her responses to interrogatories "in a timely manner" when she "learns that

in some material respect the disclosure or response is incomplete." Fed. R. Civ. P. 26(e)(1).[5]

> *k.   Interrogatory Nos. 3–7 (Interrogatory No. 3 in Plaintiff's Letter)*

Plaintiff's interrogatory reads:

> Please identify [all] medications the Plaintiff was being prescribed by NDOC
> doctors for back/nerve pain (as listed in his medical records/file from 2009 to the
> present) and,
> > (a) Where exactly is the information above noted in said file;
> > (b) The dates said medication[s] were presecribed [sic];
> > (c) Which doctor[s] wrote the orders; and why, and;
> > (d) Expiration dates for such orders.

(ECF No. 49 Ex. D at 3.) Under Rule 26(b)(1), proportionality of a discovery request is determined

by analyzing, among other factors, "the parties' relative access to relevant information." Defendant

asserts Plaintiff impermissibly attempts to have her conduct his research for him in that Plaintiff

can review and make independent notes of his medical record. *See* Nev. Dep't of Corr. Admin.

Regulation [AR] 639.03. Plaintiff does not argue to the contrary in his briefs, so the Court sustains

Defendant's objection.

> *l.   Interrogatory Nos. 14–15 (Interrogatory No. 7 in Plaintiff's Letter)*

Plaintiff argues that Defendant failed to respond to this interrogatory; the Court agrees. The

interrogatory requests that Defendant provide her definition of "acute illness" and how Plaintiff's

episode did not comport with that definition. Defendant instead gave the Medical Directive's

definition of "medical emergency" and described how Plaintiff's episode did not comport with

that definition. This would be acceptable if "medical emergency" and "acute illness" were

considered synonymous, but that does not appear to be the case as "acute illness" is included in

---

[5] The Court further notes that, while supplementation of interrogatory answers is required by Rule
26(e), "[t]his supplementation need not be done formally, however, where the additional or
corrective information has been made known to the other parties through the discovery process in
writing," 8B Wright & Miller, *supra*, § 2179, such as if timely done in the mandated pre-trial
disclosures.

the definition for "medical emergency" separately from the other categories. (*See* ECF No. 49 Ex. D at 6.) Defendant must therefore amend her response to answer the question posed by the interrogatory.

> *m. Interrogatory Nos. 16–17 (Interrogatory No. 8 in Plaintiff's Letter)*

Plaintiff's claim that Defendant's answer is insufficient and evasive is incorrect. The interrogatory asks Defendant to explain how Plaintiff gave false information or delayed and hindered prison staff during the underlying incident. Defendant explicitly denies that she accused Plaintiff of doing any of those things. Therefore, Defendant has fully answered Plaintiff's interrogatory. The fact that Plaintiff disagrees with the truth of this assertion does not make the answer insufficient or evasive—it simply marks this issue as a matter of fact that must be determined.

> *n. Interrogatory Nos. 20–21 (Interrogatory No. 11 in Plaintiff's Letter)*

Defendant's answer to this interrogatory is sufficient. Plaintiff requested details regarding his medical visit on January 4, 2016. Defendant responded that she had no personal involvement with the scheduling of his visit, nor was she present for it. She further pointed to the location of the requested information in the medical records. As discussed above, requiring Defendant to investigate Plaintiff's medical records is, based on the facts currently presented, overly burdensome. Accordingly, Defendant has satisfied her requirement to "furnish any relevant information that is available," where she "is unable to give a complete answer to an interrogatory." 8B Wright & Miller, *supra*, § 2177.

> *o. RFP No. 1*

Plaintiff's RFP mirrors his Interrogatory No. 1 in asking Defendant to "produce a copy of each item of evidence that you intend to present, introduce and or use, e[tc]., in your defense of this matter." As she did with Interrogatory No. 1, Defendant argues this request is overly broad

and burdensome. A party may request production of certain items within "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). Such a request "must describe with reasonable particularity each item or category of items." Fed. R. Civ. P. 34(b)(1)(A). Determination of whether an RFP has been made with "reasonable particularity" is "[n]ecessarily . . . a relative one, turning on the degree of knowledge that a movant in a particular case has about the documents it requests." 8B Wright & Miller, *supra*, § 2211. "The goal is that the designation be sufficient to apprise a person of ordinary intelligence what documents are required and that the court be able to ascertain whether the requested documents have been produced." *Id.*

Here, Plaintiff's RFP is deficient in two ways: First, it is overbroad in that it does not separate the requested documents into their respective categories. *See id.* ("Though description of categories of documents was sometimes held insufficient in old cases, the amended rule, in accord with the bulk of the cases, permits a request to describe items by categories so long as the category is itself described with reasonable particularity."). Second, inasmuch as the RFP would cover documents provided in the initial disclosures, it is unreasonably duplicative. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit . . . discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative."). Therefore, the Court sustains Defendant's objection.

*p.   RFP No. 2*

Plaintiff's second RFP requests a copy of all his medical documents dating back to 2009 that relate to claims of lower-back issues. As noted in response to Plaintiff's Interrogatory Nos. 3–7, Plaintiff may request NNCC provide access to his medical record. AR 639.03. Furthermore, inmates are "prohibited from possessing any portion of their medical file on their person, in their cell or on the yard unless otherwise permitted by a court order." AR 639.03(1). Plaintiff has not

///

provided any reason this Court should issue such an order. Accordingly, Defendant is not required to comply with Plaintiff's RFP No. 2.

## II.     *Objection/Appeal of Order ECF No. 53 (ECF Nos. 55–56)*

Plaintiff submitted a motion to amend his complaint, (ECF No. 45), which the Magistrate Judge denied, (ECF No. 53). Plaintiff has submitted two objections to the Order: an original objection, (ECF No. 55), and a "corrected" objection, (ECF No. 56). Review of these two objections find them to be identical except for additions made in the corrected motion. As the corrected motion was filed within the fourteen-day deadline for objections, the Court treats it as a timely amended motion, reviews it on the merits, and denies the original motion as moot.

The Magistrate Judge denied Plaintiff's motion to amend his complaint because "[P]laintiff has not changed the substance of his claims and is merely attempting to clarify what the Ninth Circuit has allowed to proceed on remand[,] . . . [which is not] a proper basis for amendment." (ECF No. 53.) Plaintiff argues the Magistrate Judge's decision was erroneous as the proposed amended complaint, among other things, "allows the complaint to comport with [Fed. R. Civ. P.] 8(a)" and "set[s] out a better rendition of [the underlying] events." (ECF No. 56 at 5.)

Plaintiff is correct that Fed. R. Civ. P. 15(a) favors allowing amendments, and the Ninth Circuit applies this policy liberally. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Nevertheless, a liberal policy does not mandate that a court always grant Rule 15(a) requests. Furthermore, Plaintiff misunderstands the fundamental purpose of a complaint. A complaint is not the vehicle in which a plaintiff must place or allege every fact known that supports his legal claims. Rather, it need only contain sufficient factual allegations to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and to

///

allow a court to infer the allegations of misconduct are plausible, *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009).

In sum, complaints are initiating documents which give a brief description of who, what, where, when, why, and how; they are not live documents which must be updated as facts are uncovered or confirmed during the discovery process. *See ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1006 (9th Cir. 2014) ("[Initial pleadings] no longer carry the burden of fact revelation and issue formulation, which now is discharged by the discovery process." (alterations in original) (quoting 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1357 (3d ed. 1998))). Thus, amendment is generally proper only to correct deficiencies in the original complaint or to add new claims.

Here, Plaintiff did not attempt to add new claims. Therefore, his only ground for amendment would be to correct existing deficiencies. However, the Ninth Circuit found that his deliberate indifference and retaliation claims against Defendant Bennington were sufficient to survive a motion to dismiss. Consequently, there are no deficiencies to correct. Accordingly, the Magistrate Judge was correct in her finding that allowing amendment be futile.

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Objection/Appeal of Magistrate Order (ECF No. 54) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that the Magistrate Judge Order (ECF No. 52) is AFFIRMED IN PART AND MODIFIED IN PART.

IT IS FURTHER ORDERED that Defendant will submit to Plaintiff her amended discovery responses in accordance with this Order within thirty days from the entry of this Order.

IT IS FURTHER ORDERED that Plaintiff's Objection/Appeal of Magistrate Order (ECF No. 55) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Plaintiff's Objection/Appeal of Magistrate Order (ECF No. 56) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion – Request for Submission (ECF No. 57) is DENIED.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge