**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADAM HAWTHORNE, | 3:16-cv-00235-RCJ-CLB |
| Plaintiff, | |
| v. | **ORDER** |
| MACKENZIE BENNINGTON, et. al*.,* | |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff Adam Hawthorne, ("Hawthorne"), against Defendant Mackenzie Bennington ("Bennington").   Currently pending before the court is Hawthorne's motion to modify the scheduling order.  (ECF No. 84).  Bennington opposed the motion (ECF No. 89), and Hawthorne replied (ECF No. 90). Further pending before the court is Hawthorne's motion for leave to amend complaint. (ECF No. 83).  Bennington responded (ECF No. 88), and Hawthorne replied (ECF No. 90)[1]. Lastly, pending before the court is Hawthorne's motion to extend discovery. (ECF No. 81).  Bennington responded (ECF No. 82), and Hawthorne replied (ECF No. 85). Having thoroughly reviewed the record and papers, the court grants Hawthorne's motion to modify scheduling order (ECF No. 84), and motion for leave to amend (ECF No. 83). Additionally, Hawthorne's motion to extend discovery (ECF No. 81) is denied as it applies to Mackenzie Bennington, however, an extension of discovery is granted as it applies to Whitney Bennington.

---

[1]      Hawthorne's reply (ECF No. 90) is titled "Plaintiff's Reply to (#89)", however, the substance of the reply addresses arguments set forth in Defendant's opposition to Hawthorne's motion for leave to amend (ECF No. 88). The court will consider Hawthorne's reply (ECF No. 90) as a reply to both of Defendant's oppositions (ECF Nos. 88, 89).

1   **I.    FACTUAL AND PROCEDURAL HISTORY**

2        **A.    Procedural History**

3        On May 2, 2016 Hawthorne, proceeding *in forma pauperis*, filed a complaint

4   alleging prison officials retaliated against him in violation of the First Amendment; were

5   deliberately indifferent to his medical needs in violation of the Eighth Amendment; and

6   denied him due process of law in violation of the Fourteenth Amendment.  (ECF No. 1-1

7   at 4-7).  On March 8, 2017, the District Court entered a screening order dismissing the

8   complaint with leave to amend.  (ECF No. 4).  Hawthorne subsequently filed a third

9   amended complaint ("TAC") (ECF Nos. 9/10), which the District Court dismissed on April

10  16, 2018.  (ECF No. 11).  Hawthorne timely appealed the dismissal of his TAC to the

11  Ninth Circuit.  (ECF No. 14).

12       On February 25, 2019 the Ninth Circuit reversed the dismissal of the Eighth

13  Amendment deliberate indifference claim and First Amendment retaliation claim, affirmed

14  the dismissal of the Fourteenth Amendment due process claim, and remanded for further

15  proceedings. (ECF No. 24).  Thus, the TAC (ECF No. 12) is the operative complaint in

16  this case.  After the remand, the case proceeded to discovery.  (*See* ECF No. 42).  On

17  November 25, 2019, the court issued a scheduling order establishing the discovery cut-

18  off date as February 24, 2020.  (ECF No. 42).  Hawthorne subsequently filed a motion to

19  extend discovery on January 31, 2020.  (ECF No. 46).  The court granted this motion and

20  set the new discovery cut-off date as June 22, 2020.  (ECF No. 52).  The court then stayed

21  discovery pending the district court's decision on an outstanding discovery dispute, which

22  resulted in a new cut-off date of September 8, 2020.  (ECF Nos. 64, 68).  The present

23  motion to modify the scheduling order was filed August 17, 2020.  (ECF No. 84).

24       **B.    Allegations in the TAC and Subsequent Discovery**

25       Hawthorne is an inmate currently in the custody of the Nevada Department of

26  Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional

27  Center ("NNCC").  (ECF No. 12 at 3).  On January 2, 2016, Hawthorne suffered a back

28  spasm that caused him severe pain and rendered him immobile.  (ECF No. 12 at 4).

Another inmate sought help from the unit officer and the nurse on duty responded.  (*Id.*) The responding nurse took Hawthorne's blood pressure and pulse and claimed Hawthorne was faking the incident.  (*Id.*)  Hawthorne states that while he was in agonizing pain and unable to move, the nurse refused to render aid.  (*Id.*)  Hawthorne then asked the guard to grab him an informal grievance.  (*Id.*)  This request allegedly angered the nurse and she told Hawthorne she would "write him up on charges of lying to staff and of interfering with the duties of staff."  (*Id.*)  A week after the incident Hawthorne received treatment from a medical doctor and was provided a cane and wheelchair.  (*Id.*)

When Hawthorne filed his initial complaint, he named defendant Mackenzie Bennington as the female nurse involved in the incident.  (ECF No. 1-1).  However, during the course of discovery Hawthorne learned there were two different nurses with the last name Bennington present during the incident.  (*See* ECF No. 83 at 4).  On August 13, 2020, Hawthorne learned that Whitney Bennington, Mackenzie Bennington's wife, was the female nurse present during the incident.  (*Id.*)  After discovering this information, Hawthorne filed the instant motion for leave to amend his complaint to add Whitney Bennington as a named defendant.  (*Id.*)

The defense opposes Hawthorne's motion to amend arguing the amendment would be futile because the cause of action is time-barred.  (ECF No. 88 at 3).  The defense argues that Hawthorne has failed to show that the amended complaint relates back under Rule 15(c).  (*Id.*)  The defense asserts that Rule 15(c) is not met because Hawthorne failed to show Whitney Bennington knew or should have known she was a proper defendant.  (*Id.*)  Hawthorne, on the other hand, argues that the amended complaint relates back to the original filing because he made a reasonable mistake in believing Mackenzie, a gender-neutral name, was the female nurse present in the case.  (ECF No. 90 at 5).  Hawthorne further argues it is appropriate to impute notice because the Bennington's are married, were both present at the incident, and they share an attorney.  (*Id.*)  Lastly, Hawthorne argues Whitney should have known, but-for a mistaken identity, she was the appropriate defendant because the complaint consistently uses the

pronoun "she" and refers to the nurse as "Ms. Bennington." (*Id.*)   For the reasons discussed below, this court agrees with Hawthorne.

## II.   DISCUSSION

### A.   Motion to Modify Scheduling Order

Hawthorne seeks to amend his pleading after the January 24, 2020 deadline set by the court's November 25, 2019 scheduling order.  (ECF No. 84).  Before the court can address the amended pleading, Hawthorne must show good cause under Rule 16(b) for the modification of the scheduling order.  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see* Fed R. Civ. P. 16(b).  The good cause standard "primarily considers the diligence of the party seeking the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  District courts modify a pretrial scheduling order when the order "cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.* (citing Fed R. Civ. P. advisory committee's notes (1983 amendment)).

Here, the scheduling order cannot reasonably be met despite Hawthorne's diligence. *See Johnson*, 975 F.2d at 609.  Hawthorne originally brought suit against Mackenzie Bennington and frequently referred to Mackenzie as a female in his complaint. On August 13, 2020, Hawthorne learned he was mistaken in the name of the female nurse present during the events at issue.  (ECF No. 84 at 4).  Hawthorne learned that Mackenzie's wife, Whitney Bennington, was the female nurse on scene.  (ECF No. 84 at 4).  Four days after discovering the name of the female nurse, Hawthorne filed his motion to modify the scheduling order.  (*Id.*)  It is clear that Hawthorne acted diligently in his attempt to fix his honest mistake. Therefore, Hawthorne has shown good cause to modify the scheduling order.  Accordingly, the motion to modify the scheduling order (ECF No. 84) is granted.

### B.   Motion to Amend Pleading

Having established that good cause exists to modify the scheduling order, the court now addresses Hawthorne's motion to amend his complaint (ECF No. 83).  In determining

whether leave to amend should be granted, the guiding principle is that "leave shall be freely given when justice so requires."  Fed. R. Civ. Pro. 15(a).  When deciding whether to grant leave to amend federal courts consider the following five factors: (1) undue delay, (2) bad faith, (3) repeated failure to cure deficiencies, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility of amendment.  *Eminence Capital, LLC v. Aspeon*, Inc.316 F. 3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)).

Rule 15(a) creates a presumption in favor of granting leave to amend, however, leave to amend is properly denied when amendment would be futile*.  Foman v. Davis*, 371 U.S. 178, 182. (1962).   Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.3d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to dismissal." *Steckman v. Hart Brewing*, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); *see also Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (amendment is futile when the claimant lacks standing to bring the claim).

In this case, Hawthorne seeks to amend his complaint to add a new defendant, Whitney Bennington.  (ECF No. 83 at 2).  Defendants argue that the court must deny the motion to amend because any claims against Whitney Bennington have expired under the statute of limitations and therefore amendment would be futile. (ECF No. 88 at 4). The court disagrees.

### 1.    Statute of Limitations

Section 1983 does not contain its own statute of limitations.  *Butler v. Nat'l Cmty Renaissance of California*, 766 F.3d 1191,1198 (9th Cir. 2014).  When there is no federal limitations period, "the federal courts apply the forum state's statute of limitations for personal injury actions. . . ." *Id.* (*citing Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (internal quotations omitted)).

Here, the Nevada Statute of limitations for personal injury cases is two years.  Nev. Rev. Stat. 11.190(4)(e); *Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1163 (D. Nev.

1   2004).  Hawthorne's original complaint was filed well within Nevada's two-year limitations
2   period.  (ECF No. 1-1).  However, Hawthorne now seeks to add a new defendant outside
3   of the limitations period, which expired in 2018.  (ECF No. 83); *see* Nev. Rev. Stat.
4   11.190(4)(e).  Thus, Hawthorne must show the amended complaint relates back to the
5   original filing date to add the new defendant outside the limitations period.  *See Schiavone*
6   *v. Fortune*, 477 U.S. 21, 29 (1986). If the claims do not relate back to the filing of the
7   original complaint, amendment in this case would be futile.

8                   **2.      Relation Back**

9          The general purpose of the Federal Rules of Civil Procedure is "to minimize
10  technical obstacles to a determination of the controversy on its merits."  *G.F. Co. v. Pan*
11  *Ocean Shipping Co.*, 23 F.3d 1498, 1502 (9th Cir. 1994).  Thus, in deciding whether an
12  amended complaint relates back to the original filing date, federal courts defer "to the
13  more permissive law, state or federal, which allows an amendment to relate back."  *Butler*,
14  766 F.3d at 1200.

15         Under the Nevada Rules, an amendment adding a defendant as a party will relate
16  back to the original pleading if "the proper defendant (1) receives actual notice of the
17  action; (2) knows that it is the proper party; and (3) has not been misled to its prejudice
18  by the amendment.  *Costello v. Casler*, 127 Nev. 436, 441-42 (2011); *see also* Nev. R.
19  Civ. P. 15(c).  The Nevada Supreme Court provides Rule 15(c) a liberal construction "to
20  allow relation back where the opposing party will be put to no disadvantage."  *Costello,*
21  127 Nev. at 442.

22         The only factor at issue in this case is whether Whitney Bennington should have
23  known that, but for a mistake concerning identity, the action would have been brought
24  against her.  (*See* ECF No. 89 at 3).  A court may impute notice and knowledge, from an
25  original defendant to a new defendant, when the parties share an "identity of interest."
26  *Costello,* 127 Nev. at 441.  The parties share a sufficient identity of interest when they are
27  so closely related in their . . . activities . . . the institution of an action against one serves

28

1    to provide notice of the litigation to the other." *Id.* This case presents the circumstances

2    required to impute notice and knowledge.

3         While counsel for the defendant argues there is no evidence suggesting Whitney

4    Bennington should have known she was the proper party, the facts of this case show the

5    parties hold a sufficient identity of interest to impute knowledge.  First, Mackenzie and

6    Whitney Bennington are legally married.  (ECF No. 90 at 2).  Second, the Benningtons

7    are both nurses employed by the NDOC and were present during the events in question.

8    (*Id.*)  Third, the Benningtons, in their capacity as NDOC employees, will ultimately be

9    represented by the Attorney General's Office.  These facts together are sufficient to hold

10   that the new and old defendants held a sufficient identity of interest to impute notice and

11   knowledge. *See Costello*, 127 Nev. at 442 (a sufficient identity of interest has been found

12   when there is a shared legal counsel).

13        Moreover, it is clear from the face of the complaint that a mistake was made as to

14   the identity of the nurse involved.  The complaint consistently describes the nurse

15   involved as "Ms. Bennington" and uses the pronoun "she."  (ECF 1-1 at 4).  While

16   Hawthorne named Mackenzie Bennington as the nurse involved, it is clear the complaint

17   was referring to a female nurse. (*See Id.*)  Because Mackenzie is a gender-neutral name,

18   it is obvious to both the prison officials and the Bennington's that Hawthorne was mistaken

19   as to the proper defendant.  Therefore, Whitney Bennington should have known she was

20   the proper defendant but-for Hawthorne's mistaken belief that her husband was the

21   female nurse.

22        Lastly, the defense does not argue that Whitney Bennington is prejudiced by the

23   amendment and this court finds no reason to believe her addition to the suit would be

24   prejudicial.  Therefore, the amended complaint relates back to the original pleading.

25   Therefore, the requested amendment is not futile and the court grants the motion to

26   amend the complaint to add Whitney Bennington as a defendant in this matter. (ECF No.

27   83).

28

1    **C.    Motion to Extend Discovery**

2        Finally, before the court is Hawthorne's motion to extend discovery (ECF No. 81).

3    Hawthorne seeks a 66-day extension to discovery.   (*See id.*).   Federal Rule of Civil

4    Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans.

5    Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause

6    and with the judge's consent." The good cause inquiry focuses primarily on the movant's

7    diligence.  *See Coleman*., 232 F.3d at 1294-95 (9th Cir. 2000).

8        Local Rule 26-4 supplements Fed. R. Civ. P. 16 and provides that discovery plans

9    and scheduling orders may be modified for good cause, provided that a motion to extend

10   is made "no later than twenty-one (21) days before the expiration of the subject deadline."

11   *See* LR 26-4; *see also* Local Rule IA 6-1.2.   The "good cause" standard primarily

12   considers the diligence of the party or parties seeking the extension. *Johnson v.*

13   *Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).  The Court has broad discretion

14   in supervising the pretrial phase of litigation.  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d

15   1080, 1087 (9th Cir. 2002).

16       Hawthorne's motion to extend discovery was originally filed before he learned

17   Whitney Bennington's name. (*See* ECF No. 85). Hawthorne argued that discovery related

18   to Mackenzie's involvement in the dispute has not been sufficiently completed. (ECF No.

19   81 at 5). However, Mackenzie subsequently answered the discovery requests and

20   identified Whitney Bennington as the other nurse present. (ECF No. 85 at 2). Now that

21   Hawthorne has learned the name of the new defendant and received the answers needed

22   to identify the originally unknown nurse, Hawthorne has failed to show good cause to

23   extend the discovery cut-off date for propounding discovery against Mackenzie

24   Bennington. Therefore, the discovery cut-off date has expired as it relates to Mackenzie

25   Bennington.

26       However, in light of the court's discussion above, Hawthorne has shown good

27   cause for the extension of limited discovery as to the newly added defendant, Whitney

28   Bennington. To date, Hawthorne has not sought discovery from the newly named

8

defendant.  (*See* ECF No. 85). The recent discovery and addition of the new defendant sufficiently changes the circumstances of this case to require the court to permit the parties to engage in further discovery. Therefore, good cause exists to permit the parties to engage in limited discovery related to the addition of Whitney Bennington as a defendant.  Accordingly, the court grants, in part, and denies, in part, the motion to extend discovery. (ECF No. 81).  The parties will have sixty (60) days from the date of this order to complete discovery as it relates to Whitney Bennington only.

**III.  CONCLUSION**

Consistent with the above, **IT IS ORDERED** as follows:

1.  Hawthorne's Motion to Modify Scheduling Order (ECF No. 84) is **GRANTED**;

2.  Hawthorne's Motion to Amend Complaint (ECF No. 83) is **GRANTED**;

3. The Clerk of Court shall **FILE** the Fourth Amended Complaint (ECF No. 83-1);

5.  The Fourth Amended Complaint is the operative complaint in this case;

6.  The Office of the Attorney General shall enter a notice regarding acceptance of service for the new defendant and file a responsive pleading on or before **October 23, 2020**;

7.  Hawthorne's Motion to Extend Discovery (ECF No. 81) is **GRANTED,** in part, and **DENIED,** in part, as follows;

a.  The discovery cut-off date is **December 28, 2020**;

b.  Dispositive motions are due **January 27, 2021;** and

c. The joint pretrial order shall be filed no later than **February 26, 2021** or thirty days after the decision of any pending dispositive motions.

**DATED:** _____October 8, 2020_____.

_____
**UNITED STATES MAGISTRATE JUDGE**